| iSAUNDERS, Judge,
dissenting in part.
While the majority is willing to defer to the trial court’s award of damages, finding no abuse of discretion in its factual assessment, I am of the opinion that the trial court (like other tribunals, including those mentioned in the majority opinion) too conservatively construed the full measure of relief to which plaintiff was entitled for lost earning capacity. In my view the trial court’s legal error jettisoned from its quantum assessment the usual deference to be allotted to the trier of fact.
*1102 This is not to say that I would have joined the majority’s quantum assessment in this ease even under the Youn/Ambrose guidelines. I agree with the majority that the trial court did not err in finding that plaintiff has not demonstrated that his poor prospects are wholly or even mainly attributable to the accident, given plaintiffs proven indifference to wage earnings. Nonetheless, even taking into account this possible human frailty, I believe that had the trial court taken into adequate consideration plaintiffs physical condition before and after the accident, the fifteen to twenty years remaining of his work life, and his reduced employment opportunities, all elements proven by an overwhelming preponderance of the evidence, $50,000.00 for plaintiffs fifteen to twenty years of lost earnings capacity would seem to have been the very lowest reasonable amount that the trial court could have awarded Mr. Pierce under the circumstances. Coco, 341 So.2d 332; Schexnayder v. Carpenter, 346 So.2d 196 (La.1977).